Mr. Robert A. Newcomb Attorney at Law P.O. Box 2301 Little Rock, AR 72203-2301
Dear Mr. Newcomb:
This is in response to your request for an opinion pursuant to A.C.A. § 25-19-105(c)(3)(B) (Advance Code Service 1990-91), which is part of the Arkansas Freedom of Information Act ("FOIA"). You note that the Arkansas Democrat has requested a copy of your client's personnel file; and you state that in your opinion, the requirements regarding notice to the employee must be followed and an individual's personnel file is not subject to public scrutiny. You have asked for an opinion in this regard.
With regard to the notice requirement, A.C.A. § 25-19-105(c)(3) states:
 (A) Upon receiving a request for the examination or copying of personnel or evaluation records, the custodian of the records shall, within twenty-four (24) hours of the receipt of the request, determine whether the records are exempt from disclosure and make efforts to the fullest extent possible to notify the person making the request and the subject of the records of that decision.
 (B) If the subject of the records cannot be contacted in person or by telephone within the twenty-four hour period, the custodian shall send written notice via overnight mail to the subject of the records at his last known address.
Subsection (c)(3) of § 25-19-105 thus clearly imposes a requirement that the custodian notify the subject of the records of his decision within twenty-four hours of receipt of a request for personnel or evaluation records. Written notice may be provided in the event the subject cannot be contacted in person or by telephone within twenty-four hours.
As to whether an individual's personnel file is subject to public scrutiny, please note that I have enclosed several Attorney General Opinions which discuss this issue. (Att'y Gen. Op. Nos 87-115, 87-442, and 88-081.) These opinions offer a thorough review of the types of information and particular records which may be exempt from disclosure under the FOIA. As noted in Opinion No. 87-115, however, a blanket denial of access to a personnel file would in all likelihood be contrary to the FOIA. The file should, instead, be examined by the custodian and a determination made with respect to the applicability of any of the exemptions under A.C.A. § 25-19-105(b) and (c).[1]
The enclosed opinions will hopefully offer sufficient guidance in addressing the particular personnel file in question.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] Subsection (b) exempts, inter alia, state income tax records, medical, scholastic, and adoption records, documents protected from disclosure by order or rule of court, and personnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy. Under subsection (c), employee evaluation or job performance records are protected from disclosure unless and until they form the basis for the dismissal or suspension of an employee, there has been a final administrative resolution of the suspension or termination proceeding, and there is a compelling public interest in their disclosure.